8194.00037

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LASALLE NATIONAL BANK, as Trustee for the registered holders of SALOMON BROTHERS MORTGAGE SECURITIES, INC., SERIES 1997-HUD2, by WILSHIRE SERVICING CORPORATION as attorneys in fact<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO APONTE ORTIZ, his wife HILDA CABAN BRIZZIE a/k/a HILDA DEL CARMEN CABAN BRIZZIE and THE CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN THEM,<br><br>Defendants. | CIVIL NO. 98-1864 (JP)<br><br><br>IN RE: COLLECTION OF MONEY FORECLOSURE OF MORTGAGE |

**MOTION NOTIFYING CONTINUATION OF CASE,
REQUESTING APPOINTMENT OF SUBSTITUTE SPECIAL MASTER,
ISSUANCE OF AMENDED ORDER AND WRIT OF EXECUTION
AND CORRECTING THE NAME OF PLAINTIFF**

TO THE HONORABLE COURT:

COMES NOW plaintiff, through the undersigned attorney, who very respectfully avers and prays:

1. As notified to this Honorable Court on January 11, 2000, by failing to comply with the monthly installments agreed, the defendants in this case breached the terms of the stipulation signed on July 22, 1999, stipulation which was approved by this Honorable Court on August 19, 1999.

2. On October 30, 2000, this Honorable Court issued both an Order of Execution and a Writ of Execution in this case. Said Order of Execution appoints Mr. Carlos E. Aguilar Aguilar as Special Master to proceed forthwith and sell the property executed therein to the highest bidder at a public auction. (Docket entry #14.).

3. On May 30, 2002, Mr. Carlos Aguilar Aguilar filed a Report of Special Master Cancelling First Sale in Foreclosure, due to defendants' filing of a voluntary petition under Chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy Court, District of Puerto Rico, Case No. 02-05455. (Docket entry #16).

4. On February 4, 2005, Plaintiff filed a Notice with the U.S. Bankruptcy Court, Case Number 02-05455, informing debtors' default on the stipulation executed in that proceeding. In accordance with the stipulation, if debtors defaulted, the plaintiff could continue with the foreclosure without further need of a court order or hearing – Exhibit A, Notice; Exhibit B, Stipulation and Exhibit C, Order Approving Stipulation. (Docket entries #53A, #49A and #51A respectively, U.S. Bankruptcy Court).

5. Plaintiff seeks to continue with this case but has been informed that Mr. Carlos Aguilar Aguilar, the appointed Special Master, has retired and is no longer available to carry out the Special Master duties in regard to the property to be sold at a public auction in this case.

6. Plaintiff hereby requests that Mr. Reinaldo Cestero, of Cestero & Co., a disinterested person in this matter, whose office is located at 511 Hostos Avenue, Suite 203, Hato Rey, P.R. 00918 be appointed as Special Master for the sale of the real property, in substitution of Mr. Carlos Aguilar Aguilar, the formerly appointed Special Master in this case.

7. The Order of Execution and the Writ of Execution in this case were issued by this Honorable Court on October 30, 2000 and on December 6, 2000, respectively.

8. Due to the time that has elapsed since the issuance of the aforementioned order and writ of execution in paragraph 7, plaintiff hereby requests that a new order and writ of execution be issued by this Honorable Court ordering defendants to pay to plaintiff the sum of $85,479.78 in principal, plus the amount of $27,976.73 in interests as of May 31, 2005, which continue to accrue at the rate of 8% per annum, $18.74 per day, until full payment, late charges in the amount of $1,167.88, plus non-sufficient fund charge of $10.00, Escrow Advances, BPO/Appraisal/Inspection, in the amount of $358.66 and any disbursements made by plaintiff made on behalf of the defendants in accordance with the mortgage deed plus $9,255.00 for costs, disbursements and attorney's fees.

9. Plaintiff inadvertently left out "VII" in the caption of the present case, which should follow after the name **Salomon Brothers Mortgage Securities, Inc.** and which should read Salomon Brothers Mortgage Securities, Inc. VII in said caption of plaintiff in this case. Plaintiff

hereby respectfully requests from this Honorable Court that the caption be changed to include VII after the name Salomon Brothers Mortgage Securities, Inc.

**WHEREFORE**, plaintiff very respectfully avers and prays from this Honorable Court that the present case be continued, that Mr. Reinaldo Cestero, of Cestero & Co. be appointed Special Master for the sale of the property in this case, that an Amended Order and Writ of Execution be issued by this Honorable Court and that the caption for plaintiff in this case be changed to include VII after the name Salomon Brothers Mortgage Securities, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on June 1st, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service, First Class Mail, the document to the following non CM/ECF participants: **Fernando Aponte Ortiz** and **Hilda Cabán Brizzie a/k/a Hilda Del Carmen Cabán Brizzie**, Calle Coral A-126, Parque Isla Verde, Carolina, P.R. 00979; **Carlos Aguilar Aguilar**, AB-27 43 Street, Santa Juanita, Bayamón, P.R. 99956 and **Reinaldo Cestero, Cestero & Co.**, 511 Hostos Avenue, Suite 203, Hato Rey, P.R. 00918.

At San Juan, Puerto Rico, this 1st day of June, 2005.

/S/ Mildred Cabán
Mildred Cabán - U.S.D.C. No. 205206
Attorney for Plaintiff
GOLDMAN ANTONETTI & CORDOVA, P.S.C.
P.O. BOX 70364
San Juan, P.R. 00936-8364
Tel. (787) 759-8000, Ext. 2327
Fax. (787) 767-9177
mcaban@gaclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LASALLE NATIONAL BANK, as Trustee for<br>the registered holders of SALOMON BROTHERS MORTGAGE SECURITIES VII,<br>INC., SERIES 1997-HUD2, by WILSHIRE SERVICING CORPORATION as attorney in fact<br><br>     Plaintiff,<br><br>     v.<br><br>FERNANDO APONTE ORTIZ, his wife HILDA CABAN BRIZZIE a/k/a/ HILDA DEL<br>CARMEN CABAN BRIZZIE and THE CONJUGAL PARTNERSHIP CONSTITUTED<br>BETWEEN THEM<br><br>     Defendants. | CIVIL NO. 98-1864(JP)<br><br><br>COLLECTION OF MONEY<br>FORECLOSURE OF MORTGAGE |

**AMENDED ORDER OF EXECUTION**

Upon the motion filed by plaintiff herein for the execution of the Third Amended Judgment by this Court on May 12, 2000 and it appearing from the records of this Court and from plaintiff's motion that the defendants failed to pay to the plaintiff the sums of money adjudged to be paid under said judgment;

IT IS HEREBY ORDERED that defendants owe plaintiff the sum of $85,479.78 in principal, plus the amount of $27,976.73 in interests as of May 31, 2005, which continue to accrue at the rate of 8% per annum, $18.74 per day, until full payment, late

charges in the amount of $1,167.88, plus non-sufficient fund charge of $10.00, Escrow Advances, BPO/ Appraisal/Inspection, in the amount of $358.66 and any disbursements made by plaintiff made on behalf of the defendants in accordance with the mortgage deed plus $9,255.00 for costs, disbursements and attorney's fees.

IT IS HEREBY FURTHER ORDERED that Reinaldo Cestero of Cestero & Co. is appointed the Special Master and proceed forthwith and sell at public auction to the highest bidder, the property described in Spanish as follows:

> URBANA: Parcela de terreno señalada con el #26 del bloque A del proyecto "Parque de Isla Verde", radicada en el Barrio Cangrejo Arriba de Carolina, Puerto Rico, con una cabida de 225.00 metros cuadrados, en lindes por el: NORTE: en una extensión de 9.00 metros con la calle I-B del proyecto; SUR: en una extensión de 9.00 metros con futura calle Malecón; ESTE: en una extensión de 25.00 metros con lote #27 del bloque A del Proyecto; OESTE: en una extensión de 25.00 metros con lote #25 del bloque A del proyecto.
>
> ENCLAVA: Una unidad de vivienda de concreto reforzado. La misma consta de sala, comedor, cocina, salón familiar, lavandería, marquesina, tres dormitorios y dos baños.
>
> PROPIETARlO REGISTRAL: FERNANDO APONTE ORTIZ e HILDA DEL CARMEN CABAN BRIZZIE, quienes adquirieron por compra a Mansiones de la Marina, S.E. según escritura #99, otorgada en San Juan, el 28 de septiembre de 1992, ante Ismael Molina Serrano, inscrita al folio 211 del tomo 837 de Carolina I, inscripción Ira y única, finca #39281.

In virtue of the referenced mortgage, the above-mentioned property responds for the following amounts: the principal owed of the note, its interest until its full satisfaction, to guarantee the total and complete payment of the debt as evidenced by the above described promissory note, as well as each and every one of the conditions therein

contained, and to further secure three additional amounts of nine thousand two hundred fifty five dollars ($9,255.00) each, which are stipulated to cover (a) interest in addition to those secured by law, (b) the amount which the debtor undertakes to pay as a liquidated amount without necessity for liquidation and approval by the court to cover costs, expenses and attorney's fees in the event the holder of the Note has to take recourse to foreclosure or judicial collection, and (c) any other advances that may be made under this contract in addition to the amounts stated in the note.

The property herein above described is to be sold in the manner and form provided in said judgment and as herein further provided:

a. said public sale shall be had at the office of the Clerk of this Court, or the United States Marshal for this District;

b. notices of sale shall be published by the Special Master once a week for at least four (4) weeks prior to the date of the sale, in a newspaper printed regularly and having a general circulation in the island of Puerto Rico;

c. the Special Master at the sale shall not accept in payment of the property to be sold anything but United States currency or certified checks, except in case the property be sold and adjudicated to the plaintiff, in which case the amount of the bid made by plaintiff shall be credited and deducted from its mortgage credit; the plaintiff being bound to pay in cash or certified check only any excess of its bid over the secured indebtedness then remaining unsatisfied;

    d.    the Special Master may, either personally or by some person designated by him to act in his name and by his authority, adjourn the sale from time to time without further publication;

    e.    upon the confirmation of the sale by this Court, the Special Master shall execute and deliver a deed of conveyance of the property sold to the purchaser thereof.

    f.    The minimum bid set for the first public sale shall be $92,550.00.

SO ORDERED.

In San Juan, Puerto Rico, this      day of             2005.

                                                         UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LASALLE NATIONAL BANK, as Trustee for<br>the registered holders of SALOMON BROTHERS MORTGAGE SECURITIES VII,<br>INC., SERIES 1997-HUD2, by WILSHIRE SERVICING CORPORATION as attorney in fact<br><br>    Plaintiff,<br><br>    v.<br><br>FERNANDO APONTE ORTIZ, his wife HILDA CABAN BRIZZIE a/k/a/ HILDA DEL<br>CARMEN CABAN BRIZZIE and THE CONJUGAL PARTNERSHIP CONSTITUTED<br>BETWEEN THEM<br><br>    Defendants. | CIVIL NO. 98-1864(JP)<br><br><br><br>COLLECTION OF MONEY<br>FORECLOSURE OF MORTGAGE |

**AMENDED WRIT OF EXECUTION**

THE UNITED STATES OF AMERICA    )
THE PRESIDENT OF UNITED STATES    )
THE COMMONWEALTH OF PUERTO RICO)

TO THE SPECIAL MASTER APPOINTED BY THIS COURT:

    WHEREAS: On May 12, 2000, a Third Amended Judgment by stipulation was entered against the above-captioned case defendants Fernando Aponte Ortiz, his wife Hilda Cabán Brizzie a/k/a Hilda del Carmen Cabán Brizzie and the Conjugal Partnership Constituted between them. Upon failure to comply with the stipulation, defendants are ordered to pay $85,479.78 in principal, plus the amount of $27,976.73 in interests as of

May 31, 2005, which continue to accrue at the rate of 8% per annum, $18.74 per day, until full payment, late charges in the amount of $1,167.88, plus non-sufficient funds charge of $10.00, Escrow Advances, BPO/Appraisal/Inspection, in the amount of $358.66 and any disbursements made by plaintiff on behalf of defendants in accordance with the mortgage deed plus $9,255.00 for costs, disbursements and attorney's fees.

WHEREAS: This Judgment is final.

WHEREAS: The Court has emitted an Amended Order which literally reads as follows:

> **AMENDED ORDER OF EXECUTION:** Upon the motion filed by plaintiff herein for the execution of the Third Amended Judgment by this Court on May 12, 2000 and it appearing from the records of this Court and from plaintiff's motion that the defendants failed to pay to the plaintiff the sums of money adjudged to be paid under the said judgment;
>
> IT IS HEREBY ORDERED that defendants owe plaintiff the sum of $85,479.78 in principal, plus the amount of $27,976.73 in interests as of May 31, 2005, which continue to accrue at the rate of 8% per annum, $18.74 per day, until full payment, late charges in the amount of $1,167.88, plus non-sufficient funds charge of $10.00, Escrow Advances, BPO/Appraisal/Inspection, in the amount of $358.66 and any disbursements made by plaintiff made on behalf of the defendants in accordance with the mortgage deed plus $9,255.00 for costs, disbursements and attorney's fees.
>
> IT IS HEREBY FURTHER ORDERED that Reinaldo Cestero, of Cestero & Co. is appointed the Special Master and proceed forthwith and sell at public auction to the highest bidder, the property described in Spanish as follows:
>
>> URBANA: Parcela de terreno señalada con el #26 del bloque A del proyecto "Parque de Isla Verde", radicada en el Barrio Cangrejo Arriba de Carolina, Puerto Rico, con una cabida de 225.00 metros cuadrados, en lindes por el: NORTE: en una extensión de 9.00 metros con la calle 1-B del proyecto; SUR: en una extensión de 9.00 metros con futura calle Malecón; ESTE: en una extensión de 25.00 metros con lote #27 del bloque A del Proyecto; OESTE: en

9

una extensión de 25.00 metros con lote #25 del bloque A del proyecto.

ENCLAVA: Una unidad de vivienda de concreto reforzado. La misma consta de sala, comedor, cocina, salón familiar, lavandería, marquesina, tres dormitorios y dos baños.

PROPIETARlO REGISTRAL: FERNANDO APONTE ORTIZ e HILDA DEL CARMEN CABAN BRIZZIE, quienes adquirieron por compra a Mansiones de la Marina, S.E. según escritura #99, otorgada en San Juan, el 28 de septiembre de 1992, ante Ismael Molina Serrano, inscrita al folio 211 del tomo 837 de Carolina I, inscripción 1ra y única, finca #39281.

In virtue of the referenced mortgage, the above-mentioned property responds for the following amounts: the principal owed of the note, its interest until its full satisfaction, to guarantee the total and complete payment of the debt as evidenced by the above described promissory note, as well as each and every one of the conditions therein contained, and to further secure three additional amounts of nine thousand two hundred fifty five dollars ($9,255.00) each, which are stipulated to cover (a) interest in addition to those secured by law, (b) the amount which the debtor undertakes to pay as a liquidated amount without necessity for liquidation and approval by the court to cover costs, expenses and attorney's fees in the event the holder of the Note has to take recourse to foreclosure or judicial collection, and (c) any other advances that may be made under this contract in addition to the amounts stated in the note.

The property herein above described is to be sold in the manner and form provided in said judgment and as herein further provided:

a. said public sale shall be had at the office of the Clerk of this Court, or the United States Marshal for this District;

b. notices of sale shall be published by the Special Master once a week for at least four (4) weeks prior to the date of the sale, in a newspaper printed regularly and having a general circulation in the island of Puerto Rico;

c. the Special Master at the sale shall not accept in payment of the property to be sold anything but United States currency or certified checks, except in case the property be sold and adjudicated to the plaintiff, in which case the amount of the bid made by plaintiff shall be credited and deducted from its mortgage credit; the plaintiff being bound to pay in cash or certified check only any excess of its bid over the secured indebtedness then remaining unsatisfied;

    d.    the Special Master may, either personally or by some person designated by him to act in his name and by his authority, adjourn the sale from time to time without further publication;

    e.    upon the confirmation of the sale by this Court, the Special Master shall execute and deliver a deed of conveyance of the property sold to the purchaser thereof.

    f.    The minimum bid set for the first public sale shall be $92,550.00.

SO ORDERED.

In San Juan, Puerto Rico, this ____ day of _____, 2005.

(SIGNED) UNITED STATES DISTRICT JUDGE

THEREOF you, the Special Master appointed by this Court, pursuant to the Judgment entered on May 12, 2000, and Amended Order of Execution which is literally transcribed above, are requested to proceed with the execution of said Judgment, in accordance with their terms and applicable law.

THEREOF: The minimum bid set for the first public sale shall be $92,550.00.

Issued under my signature and with the seal of the Court, this ___ day of _____, 2005.

                                                                                       _____
                                                                                       CLERK OF U.S. DISTRICT COURT